1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name _Rodriguez    Jornay    Rechurnd_
       (Last)      (First)      (Initial)

3  Prisoner Number _P-16162_

4  Institutional Address _California Mens Colony, P.O. Box 8101_

5  _San Luis Obispo, California   93409-8101_

6  **UNITED STATES DISTRICT COURT**

7  **NORTHERN DISTRICT OF CALIFORNIA**

8  _Jornay Rechurnd Rodriguez_  **CV   08      4036**
(Enter the full name of plaintiff in this action.)

9

   vs.

10  _John Marshall, Warden_

11

12  **E-filing**

13

14  (Enter the full name of respondent(s) or jailer in this action)

15

Case No. _BA131909_
(To be provided by the clerk of court)

**PETITION FOR A WRIT**
**OF HABEAS CORPUS**   **(PR)**

_Formal questions of_
_Law as to State conviction_
_And Sentence._

16  **Read Comments Carefully Before Filling In**

17  **When and Where to File**

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).   **RECEIVED**

PET. FOR WRIT OF HAB. CORPUS    - 1 -

## QUESTION(S) PRESENTED

1. Whether the prosecutors violated the defendant's 14th Amendment Rights when one prosecutor sentenced defendant to one count, by plea, that was dismissed prior to sentencing in an amended information filed by another prosecutor.

2. Whether the court and prosecution violated the defendant's 5th, 6th and 14th Amendment Rights to be notified of what charges to be faced when he was sentenced to a charge his name was deleted from even though he pleaded to the deleted charge prior.

3. Whether the court and prosecution violated the defendant's 5th, 6th and 14th Amendment Rights to trial when an Amended Information deleted defendants' name from the charge he plead to, after he waived his rights, without an opportunity to plead anew.

**CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED**

## Constitution of the United States
### Amendment V

Criminal Proceedings and Condemnation of property

[Section 1.]  No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the Land ...; nor shall any person be subject ... to be twice put in jeopardy of life or limb; nor be compelled ... to be a witness against himself, nor be deprived of life, liberty, or property, without due process of Law, ... Ibid.

### Amendment VI

Mode of Trial in Criminal Proceedings

[Section 1.] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed ... and be informed of the nature and cause of the accusation ... and to have the assistance of counsel for his defense. Ibid

### Amendment XIV

Citizenship, Representation, and Payment of Publict Debt

Citizenship

[section 1.]  All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the priviledges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of Law; nor deny to any person within its jurisdiction the equal protection of the Laws.

3.

**CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED**

California Constitution
Article I

Felony defendants before magistrate - Prosecutions
[Section 14.]  Felonies shall be prosecuted as provided by Law,
either by indictment or, after examination and commitment by a
magistrate, by information.

A person charged with a felony by complaint subscribed
under penalty of perjury and on file in a court... shall be taken
without unnecessary delay before a magistrate of the court. The
magistrate shall immediately give the defendant a copy of the
complaint, inform the defendant of the defendant's right to counsel,
allow defendant a reasonable time to send for counsel, and on the
defendant's request read the complaint to the defendant... Ibid


Criminal Prosecutions - Right of defendant - Due Process of Law -
Jeopardy - Depositions - Assistance of Counsel
[Section 15.] The defendant in a criminal cause has the right to
a speedy public trial, to compel attendance of witnesses... to have
the assistance of counsel for the defendant's defense, to be personally
present with counsel, and to be confronted with the witnesses against
the defendant... Ibid

Persons may not be twice put in jeopardy for the same
offense, be compelled in a criminal cause to be a witness against
themselves, or be deprived of Life, Liberty, or property without
due process of Law.

1 Constitutional Rights — Rights Reserved

2 [Section 24.] Rights guaranteed by this Constitution

3 are not dependant on those guaranteed by the United States

4 Constitution.

5 In criminal cases the Rights of a defendant to equal

6 protection of the laws, to due process of law, to the

7 Assistance of counsel, to be personally present with counsel,

8 to a speedy and public trial, to compel the attendance of

9 witnesses, to confront the witnesses against you, to be free from

10 unreasonable search and seizures, to privacy, to not be

11 compelled to be a witness against yourself, to be not placed

12 twice in jeopardy for the same offence, and to not suffer the

13 imposition of cruel and unusual punishment, shall be construed

14 by the courts of the state in a manner consistant with the

15 Constitution of the United States. This Constitution shall not

16 be construed by the courts to afford greater rights to

17 criminal defendants than those afforded by the Constitution

18 of the United States, nor shall it be construed to afford

19 greater rights to minors ... Ibid

20

21

22 California Penal Code

23 [Section 1009.] Amendment of accusatory instrument

24 An indictment, accusation or information may be

25 amended by the district attorney, and an amended complaint

26 may be filed by the prosecuting attorney ... without leave

27 of court at any time before the defendant pleads ... The

28 court in which an action is pending may order or permit

an Amendment of an indictment, accusation or information, or
the filing of an Amended Complaint, for any defect or
insufficiency, at any stage of the proceedings... the
defendant shall be Required to plead to such amendment or
amended pleadings forthwith, or, at the time fixed for
pleading, if he has not yet pleaded and the trial or other
proceeding shall continue as if the pleading had been
originally filed as amended, unless the substancial Rights of
the defendant would be prejudiced thereby, in which event
a Reasonable postponement, not longer than the ends of
Justice Require, may be granted... Ibid

[Section 1016.] Permissible Pleas; Effect of Plea of Nolo
                    Contendere; Presumption of Sanity
        There are six kinds of pleas to an indictment
or an information, or to a complaint charging an offense
triable in court:

   1. Guilty
   2. Not Guilty
   3. Nolo Contendere
   4. A former judgment of conviction or aquittal
   5. Once in Jeopardy, and
   6. Not Guilty by Reason of Insanity
        A defendant who does not plead guilty may enter
one or more of the other pleas... Ibid.

This petition concerns:

☒ A conviction      ☐ Parole

☒ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☒ Other (specify): Questions on Due Process as to Amendments

1. Your name: Dornay Rechurnd Rodriguez

2. Where are you incarcerated? California Mens Colony

3. Why are you in custody? ☒ Criminal Conviction      ☐ Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Circumstancial Kidnap Murder

b. Penal or other code sections: PC. 187(A), 190.1(A), 190.1(AX17), 209(A)

c. Name and location of sentencing or committing court: Los Angeles Criminal Court Building
111 South Spring Street, Los Angeles, California 90012

d. Case number: BA131909

e. Date convicted or committed: December 4ᵗʰ, 1997

f. Date sentenced: September 15ᵗʰ, 1998

g. Length of sentence: 25 years to Life

h. When do you expect to be released? 2017 MEPD

i. Were you represented by counsel in the trial court? ☒ Yes.      ☐ No. If yes, state the attorney's name and address:
Albert Deblanc

4. What was the LAST plea you entered? (check one)

☐ Not guilty      ☐ Guilty      ☒ Nolo Contendere      ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury      ☐ Judge without a jury      ☐ Submitted on transcript      ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner was denied the Right to plead Anew to an Amended Information he was Not to be sentenced to a charge his Name is deleted from.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Prosecutor, Eleanor J. Hunter, Amended Another Prosecutor's, Annie Ingalls, Information, before sentencing, deleting petitioner's Name from the information As to his Conviction charge. (Exhibit A and B) However, Petitioner was sentenced to charge deleted by court anyway.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Santobello v. New York (1971) 404 U.S. 257
Penal Code section 1009

Petitioner has a Right to seek Relief from a plea if his Name is deleted from his information even under a plea.

a. Supporting facts: Petitioner's Name is deleted from the information prior to sentencing do to an amended information. However, petitioner was sentenced to deleted count. (Exhibit C )

b. Supporting cases, rules, or other authority:

Muns v. Superior Court (1955) 137 C.A.2d 728
U.S. v. Pacheco (9TH Cir 1990) 912 F2d 297
Peo. v. Leech (1965) 42 CR 745, 237 C.A.2d 397

Ground 3:

Petitioner has a right to jury trial, even though trial was waived on plea, once an Amended Information arises.

Supporting facts:

Petitioner plead nolo contendere waiving his right to jury trial prior to the Amendment. However, petitioner never had an opportunity to plead anew to the Amendment nor could he invoke his right to trial.

Supporting Cases:
Muns v. Superior Court (1955) 137 C.A.2d 728
Peo. v. Hopkins (1974) 39 C.A. 3d 107

8.  Did you appeal from the conviction, sentence, or commitment?  ☐ Yes. ☒ No.  If yes, give the following information.

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b.  Result: _____  c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

      (2) _____

      (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes. ☒ No.  If yes, state the attorney's name and address, if known:

   _____

9.  Did you seek review in the California Supreme Court?  ☐ Yes. ☒ No.  If yes, give the following information:

   a.  Result: _____  b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   N/A

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   N/A

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b.  Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]                **PETITION FOR WRIT OF HABEAS CORPUS**                Page five of six

12. Other than direct appeal, have you filed any other petitions, applications or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *California Superior Court*

   (2) Nature of proceeding (for example, "habeas corpus petition"): *Certificate of Probable Cause*

   (3) Issues raised: (a) *Due Process issues.*

   (b) _____

   (4) Result (Attach order or explain why unavailable): *Denied*

   (5) Date of decision: *February 17th, 2005    (Appendix A)*

b. (1) Name of court: *California Superior Court*                —

   (2) Nature of proceeding: *Petition for Modification of Sentence*

   (3) Issues raised: (a) *Due Process issues.*

   (b) _____

   (4) Result (Attach order or explain why unavailable): *Denied*

   (5) Date of decision: *December 1st, 2006    (Appendix B)*

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   *No Hearings held.*

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   *Petitioner is raising questions of Law that was previously unavailable to Petitioner due to absence of Remedy.*

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

   _____

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

   *U.S. Supreme Court on Writ of Certiorari*

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   *Questions of Law that need to be answered with clarity in this court because Lower courts wouldn't answer.*

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *August 13th, 2008*          ▶ _____
                                         (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page six of six

C.a.1. California Court of Appeals

2. Petition for Writ of Error Coram Vobis

3.(a), Due Process issues.

4. Denied Summarily

5. November 8th 2007 (Appendix C)

D.a.1. California Supreme Court

2. Petition for writ of Habeas Corpus

3.(a) Due Process issues

4. Denied

5. July 14th, 2008

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 02/17/05

----------------------------------------------------------------------

CASE NO. BA131909

THE PEOPLE OF THE STATE OF CALIFORNIA
                          VS.
DEFENDANT 03:   JORNAY RECHURND RODRIGUEZ

----------------------------------------------------------------------

COUNT 01: 187(A) PC FEL  - MURDER.


ON 02/17/05 AT  900 AM  IN CENTRAL DISTRICT DEPT 101

CASE CALLED FOR MOTION

PARTIES: WILLIAM POUNDERS (JUDGE)  ALBERTA P. JORDAN  (CLERK)
         NONE       (REP)  NONE  (DDA)

PURSUANT TO DEFENDANT'S WRITTEN REQUEST, AND NOT REPRESENTED BY COUNSEL

THE COURT HAS RECEIVED AND REVIEWED THE DEFENDANT'S APPLICATION
FOR A CERTIFICATE OF PROBABLE CAUSE. THE COURT DENIES THE APPLI-
CATION.

A COPY OF THIS MINUTE ORDER AND THE COURT'S ORDER ARE MAILED VIA
U. S. MAIL TO:

JORNAY RODRIGUEZ  P-16162
A3-126

CALIFORNIA STATE PRISON/LOS ANGELES COUNTY
44750 60TH STREET WEST
LANCASTER, CA 93536

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

                                        MOTION
            PAGE NO.    1             HEARING DATE: 02/17/05

ORIGINAL FILED

FEB 1 7 2005

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                              )
                  Plaintiff,        )
                                              )
                   vs.            )
                                              )
JORNAY  RODRIGUEZ,              )
                                              )
                Defendant.    )
_____ )

No. BA 131909

ORDER DENYING
CERTIFICATE OF
PROBABLE CAUSE

        Defendant's Application for a Certificate of Probable Cause filed February 16,

2005, is DENIED for failure to file a timely Notice of Appeal.  (*In re Chavez* (2003) 30

Cal.4th 643, 650)   Defendant was sentenced on September 15, 1998.

Dated:       February 17, 2005                WILLIAM R. POUNDERS
                                       _____

                                       JUDGE WILLIAM R. POUNDERS

Appendix B

**EXHIBIT A**

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 12/13/06

------------------------------------------------------------------------
CASE NO. BA131909

THE PEOPLE OF THE STATE OF CALIFORNIA
                    VS.
DEFENDANT 03:  JORNAY RECHURND RODRIGUEZ

------------------------------------------------------------------------

COUNT 01: 187(A) PC FEL  - MURDER.


ON 12/01/06 AT  900 AM  IN CENTRAL DISTRICT DEPT 101

CASE CALLED FOR RULING ON MOTION

PARTIES: WILLIAM POUNDERS (JUDGE)  ALBERTA P. JORDAN  (CLERK)
         NONE        (REP)  NONE  (DDA)

PURSUANT TO DEFENDANT'S WRITTEN REQUEST, AND NOT REPRESENTED BY COUNSEL

**********************NO COURT FILE*****************************

THE DEFENDANT'S PETITION FOR MODIFICATION OF SENTENCE IS READ,
CONSIDERED AND DENIED.

A COPY OF THIS MINUTE ORDER AND THE COURT'S EXPLICIT ORDER ARE
MAILED VIA U.S. MAIL TO THE FOLLOWING:

JORNAY RECHURND RODRIGUEZ

CDC # P-16162
CALIFORNIA MENS COLONY
POST OFFICE BOX 8101
SAN LUIS OBISPO, CA 93409-8101

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED


                                        RULING ON MOTION
               PAGE NO.    1           HEARING DATE: 12/01/06

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 1 2006

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) | No. BA 131909 |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PETITION |
| vs. | ) | FOR MODIFICATION OF |
| | ) | SENTENCE |
| JORNAY RECHURND RODRIGUEZ | ) | (Penal Code section 1170) |
| Defendant. | ) | |

DEFENDANT RODRIGUEZ Petition for Modification of Sentence pursuant to Penal Code section 1170 is denied for the following reasons:

1. The Court lacks jurisdiction to modify the sentence more than 120 days after the date of commitment. (Pen. Code § 1170(d))

2. Deletion of Defendant's name from Count 1 in the Amended Information after his plea does not eliminate the charge to which he pled. (Petn. Exhs. A & B)

Dated:    November 28, 2006

WILLIAM R. POUNDERS

_____

JUDGE WILLIAM R. POUNDERS
CJC Department 101
(213) 974-5777

Appendix $\overset{C}{B}$

# EXHIBIT B

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re JORNAY RODRIGUEZ, | B201404 |
| On Habeas Corpus. | (Super. Ct. No. BA131909) |
| | **ORDER** |

THE COURT:

The court has read and considered the petition for writ of error coram vobis filed August 26, 2007. The petition is summarily denied.

COURT OF APPEAL - SECOND DIST.

F I L E D

NOV 8 - 2007

JOSEPH A. LANE                    Clerk

J. GUZMAN                    Deputy Clerk

_____        _____        _____
BOREN, P. J.                    ASHMANN-GERST, J.                    CHAVEZ, J.

Appendix 

**EXHIBIT A**

S160727

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JORNAY R. RODRIGUEZ on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
**FILED**

JUL **1 6** 2008

Frederick K. Ohlrich Clerk

_____

Deputy

**GEORGE**

_____

Chief Justice

Mr. Jornay Rodriguez  P16162
CMC - East            3297X
P.O. Box 8101
San Luis Obispo, CA
                93409


In the California Supreme Court

Jornay Rechurd Rodriguez
            Plaintiff

            V.

John Marshall, Warden
        Defendant

Case No. BA131909

Motion in Support of Writ
of Habeas Corpus.


        This motion is in support of the Habeas Corpus which is filed herewith. This motion substanciate the claims with clarity to the Law of the land in the state of California and corresponding constitutional rights both from the U.S. and State. This petition should be heard to Clarify the questions presented and to further the Laws of Justice

        Petitioner need this court to answer these questions not for himself but for the clarification and clarity of the issues state-wide.

## Statement of the Case

This review is sought do to both courts of first instance and court of Appeals, Appellate Division, passed on the Questions sought to be reviewed here.

Petitioner filed a Certificate of Probable Cause in the California Superior Court on February 16th 2005 Raising the issues being raised here. On February 17th, 2005 the Certificate was denied stating, "Defendand's Application for Certificate of Probable Cause filed February 16th 2005, is denied for failure to file a timely Notice of Appeal. (In Re Chavez (2003) 30 Cal.4th 643, 650) Defendant was sentenced on September 15th 1998." (Appendix A).

In 2006 petitioner filed a petition for Modification of sentence in the California Superior Court. On December 1st 2006 it was denied stating."(1) the court Lacks jurisdiction to modify the sentence more than 120 days after the date of commitment (Penal Code 1170(d)), and (2) Deletion of defendant's name from count 1 in the Amended Information after his plea does not eliminate the charge to which he pled. (Petitioner's Exhibita A and B). (Appendix B).

Petitioner filed a petition for writ of Error Coram Vobis in the California Court of Appeal on August 26th 2007. On November 8th 2007 it was summarily denied. (Appendix C). This court has jurisdiction to answer these questions without further delay.

In this case the petitioner pose a series of questions pertaining to the Due Process Rights of the defendant.

(1) First question deals with one prosecutor who sentenced defendant to one count while another Amended the Information prior to sentence deleting defendants name to the charge to be sentenced to.

Now, if a defendant is sentenced to a charge that his Name was deleted from it would be illegal according to Peo. v. Leech (1965) 42 C.R. 745, 237 CA.2d 397 as well coinsiding with U.S. v. Pacheco (9th Cir 1990) 912 F.2d 297. Even with the assurance of the United States Constitutional Amendment 14 with California Constitutional Article 1 section 14 stating a defendant have the right to be notified of the charges against him in order to plead and to carry out Due Process Rights on those charges. If I'm sentenced without a charge existing it is illegal according to these two cases.

The lower courts continued to deny petitioner's Rights in conflict of clearly established Rulings. In particular Santabello v. New York (1970) 404 U.S. 251 is a prime example for this question of two prosecutors who did not confere with each other and sentenced the defendant anyway to a term greater than what he pled to initially. The U.S. court Ruled in favor of the defendant's

1  Resentencing.

2      Petitioner is being denied because the state-courts
3  are agreeing that the detention does not matter when it does,
4  According to Penal Code 1009, came in to correct defects
5  that were sufficient enough to warrent an Amendment to
6  The Information from evidence not shown to warrent the
7  deletion. If this fact is true petitioner should be able to
8  plead anew to The Amended Information and not be denied
9  Substancial Rights under prejudicial defects.

10

11

12      (2) Second question deals with the notice of
13  charges to be faced when an Amendment to the Information
14  is filed deleting the charge plead to.

15      Notification of the charges against a defendant,
16  whether adding or deleting charges, is critical to a defendant's
17  case due to the fact of knowing what is at stake and
18  what to deside as to pleading guilty or not guilty. (See
19  Penal Code 1016 and 1009) The U.S. Constitution Amendment
20  VI and California Constitution Article I section 14
21  states the defendant shall enjoy the Right to be informed
22  of the nature and cause of the accusations and read the
23  complaint and have a copy. Now, when an Amended
24  Information accures and a defendant is unaware that
25  the charge plead to is no longer valid his aspect of
26  Rights is taken away and he is left with no other
27  Recourse but to stay the course of the initial charges

1  until notification of change is read. But if no notification
2  is given the defendant is left in the blind only to be
3  sentenced illegally and no one would ever know. However,
4  when this occure the defendant would be prejudised to the
5  point that his rights were taken unaware, his innocence
6  distroyed, and his sentence would be illegal according to
7  U.S. v. Miller (1983) 715 F2d 1360; Peo. v. Rose (1972)
8  104 C.R. 702, 28 CA 3d 415; Peo. v. Superior Court (Alvarado)
9  255 CR 46, 207 CA 3d 464; and Peo. v. Benton (1979) 100
10 CA 3d 92. These rulings were all in favor of the defendant
11 for various charges that were illegal and sentences that where
12 prohibited without charges.

13      Even though there is ample information of clearly
14 established rulings in favor of a defendant being resentenced
15 and exonarated on deleted charges the lower-courts continued
16 to deny petitioner in conflict of there rulings and this U.S.court
17 rulings for relief.

18
19      (3) Third and final question deals with the right to
20 trial. If a plea of guilty waiver has been taken and an
21 Amendment to the Information accures deleting the charge
22 plead to prior to sentencing does the defendant retain his
23 Rights after? According to Mons v. Superior Court (1955)
24 137 CA 2d 728 and Peo. v. Hopkins (1974) 39 CA.3d 107 you
25 do. The defendant retains his rights to jury trial due to
26 his charge being void and the plea has no validity.
27      However, the lower courts conflict with this do
28

1  to its decision to deny petitioner of his right to be free
2  from deliberate injustice and an equal opportunity to be
3  notified and tried on sufficient charges. It is well established
4  that the trial court pronounced a sentence which is
5  unauthorized by law that must be vacated due to errors
6  accuring after the entry of the plea causing "future
7  sentencing error" that's beyond the scope of the plea waiver
8  according to Pea v. Sherrick (1993) 19 C.A. 4th 657, 24
9  CR 2d 25; Peo. v. Vargas 13 CA 4th 1662; Also see
10  Brady v. U.S. (1970) 397 U.S. 742, 25 L Ed 2d 747, 90 S.Ct.
11  1468.
12       The United States Constitution Amendments 14 and 6,
13  the California Constitution Article I sections 15 and 24
14  guarantees the right to trial and due process. A proper
15  withdrawal of the plea and sentence is necessary whenever
16  brought to the attention of the reviewing court according to
17  Peo. v. Rowland (1988) 206 CA3d 119. Petitioner has
18  brought these issues up to the courts of first interest and
19  have been denied constantly in conflict of their rulings
20  and this courts rulings. With ample rulings in favor of
21  the defendants the lower courts exceeded their conflict
22  and began an open denial festival for petitioner's issues
23  requesting relief.
24       It is necessary to interview and review these
25  questions of law so that others of like situations do not
26  become victims of Due Process violations.
27
28

12.

Conclusion:

The petitioner request an order to show cause if the facts are disputed and if there is no good reason to deny the petition please grant what ever is favorable to the petitioner.

Declaration:

Petitioner declares under penalty of perjury that the forgoing is true and correct.

Respectfully Submitted,

Dated: August 13th 2008

Jorway Rechurnd Rodriguez

*Proof of Service*

1
2
3         I, Jornay Rechurnd Rodriguez, do swear or
4  declare that on this date August 13th, 2008, as required
5  by Law I have served the enclosed Petition for Writ
6  of Habeas Corpus on each party to the above proceeding
7  or that party's counsel, and on every other person
8  Required to be served, by depositing an envelope
9  containing the above documents in the United States
10 Mail properly addressed to each of them and with
11 First-Class postage prepaid, or by delivery to a third-
12 party commercial carrier for delivery within 3
13 Calander days.
14
15        The names and Addresses of those served are as
16 follows:
17      Honorable Judge Thelton E, Henderson
18      Senior District Judge; Division 12, 18th Floor
19      U.S. Courthouse
20      450 Golden Gate Ave.
21      San Francisco, California 94102-3483
22
23
24        I declare under penalty of perjury that the
25 forgoing is the truth and is correct.
26 Executed: August 13th, 2008
27
28                                      Jornay Rechurnd Rodriguez



**019**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

**THE PEOPLE OF THE STATE OF CALIFORNIA,**
Plaintiff,

v.

01  **ANDREW LANCASTER (6/12/1972),**
02  **SHAWN ALEXANDER (6/14/1976), and**
03  **JORNAY RECHURND RODRIGUEZ (3/15/1976)**
Defendant(s).

*FILED*
*LOS ANGELES SUPERIOR COURT*

**CASE NO. BA131909**
AUG 06 199-
EDWARD M. KRITZMAN, CLERK
BY _____ FLORES DEPUTY

*INFORMATION*

Arraignment: 08/06/96
Dept: 100

SUPERCEDED 7/23/98

## INFORMATION SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---------|--------|--------------|-----------|--------------------|---------------|
| 1 | PC 187(A) | Check Code | LANCASTER, ANDREW | PC 190.2(A)(17) | LWOP/Death |
|   |         |            |                   | PC 190.2(A)(1) | LWOP/Death |
|   |         |            | ALEXANDER, SHAWN | PC 190.2(A)(17) | LWOP/Death |
|   |         |            |                   | PC 190.2(A)(1) | LWOP/Death |
|   |         |            | RODRIGUEZ, JORNAY | PC 190.2(A)(17) | LWOP/Death |
|   |         |            |                   | PC 190.2(A)(1) | LWOP/Death |
| 2 | PC 209(A) | Life | LANCASTER, ANDREW ALEXANDER, SHAWN RODRIGUEZ, JORNAY | | |

The District Attorney of the County of Los Angeles, by this Information alleges that:

### COUNT 1

On or about April 23, 1996, in the County of Los Angeles, the crime of MURDER, in violation of PENAL CODE SECTION 187(A), a Felony, was committed by ANDREW LANCASTER, SHAWN ALEXANDER, and JORNAY RECHURND RODRIGUEZ, who did willfully, unlawfully, and with malice aforethought murder MICHAEL TAYLOR, a human being.

"NOTICE:   The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged that the murder of MICHAEL TAYLOR was committed by defendant(s), ANDREW LANCASTER, SHAWN ALEXANDER, and JORNAY RECHURND RODRIGUEZ while the said defendant(s) was/were engaged in the commission of the crime of Kidnapping, and/or Kidnapping for

EXHIBIT

Ransom, within the meaning of Penal Code section 190.2(a)(17).

It is further alleged that the murder of MICHAEL TAYLOR was intentional and was carried out by the defendant(s), ANDREW LANCASTER, SHAWN ALEXANDER, and JORNAY RECHURND RODRIGUEZ for financial gain, within the meaning of Penal Code Section 190.2(a)(1).

*****

## COUNT 2

On or about April 23, 1996, in the County of Los Angeles, the crime of KIDNAPPING FOR RANSOM, in violation of PENAL CODE SECTION 209(A), a Felony, was committed by ANDREW LANCASTER, SHAWN ALEXANDER, and JORNAY RECHURND RODRIGUEZ, who did willfully and unlawfully seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, and carry away MICHAEL TAYLOR with the intent to hold and detain, and who did hold and detain, the said MICHAEL TAYLOR for ransom, reward, extortion, and to exact from relatives and friends of said MICHAEL TAYLOR money. "NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

*****

DA Case No. 60282086          Page 2  Case No. BA131909          EXHIBIT

THIS INFORMATION CONSISTS OF 2 COUNT(S).


GIL GARCETTI
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____

ANNE INGALLS
DEPUTY DISTRICT ATTORNEY          Filed in Superior Court,
                                   County of Los Angeles

/YTD                               DATED: _____


Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.


EXHIBIT

# EXHIBIT B

000195

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>01  ANDREW LANCASTER  (6/12/1972) (Bk# 4820146),<br>02  SHAWN ALEXANDER  (6/14/1976) (Bk# 4821657), and<br>03  JORNAY RECHURND RODRIGUEZ  (3/15/1976) (Bk# 4822247)<br>Defendant(s). | CASE NO. BA131909<br><br>*AMENDED*<br>*I N F O R M A T I O N*<br><br># FILED<br>LOS ANGELES SUPERIOR COURT<br><br>JUL 23 1998<br><br>JOHN A. CLARKE, CLERK<br>H. Ramirez<br>BY M. RAMIREZ, DEPUTY |

AMENDED
INFORMATION
SUMMARY

| Ct.<br>No. | Charge | Charge Range<br>Check Code | Defendant | Special<br>Allegation | Alleg.<br>Effect |
|---|---|---|---|---|---|
| 1 | PC 187(a) | Check Code | LANCASTER, ANDREW | PC 12022.5(a)(1)<br>PC 190.2(a)(17)<br>PC 190.2(a)(1) | +3-4-10<br>LWOP/Death<br>LWOP/Death |
| | | | ALEXANDER, SHAWN | PC 190.2(a)(17)<br>PC 190.2(a)(1) | LWOP/Death<br>LWOP/Death |
| 2 | PC 209(a) | LWOP | LANCASTER, ANDREW<br>ALEXANDER, SHAWN<br>RODRIGUEZ, JORNAY | PC 12022.5(a)(1) | +3-4-10 |

The District Attorney of the County of Los Angeles, by this **Amended Information** alleges that:

### COUNT 1

On or about April 23, 1996, in the County of Los Angeles, the crime of MURDER, in violation of PENAL CODE SECTION 187(a), a Felony, was committed by ANDREW LANCASTER and SHAWN ALEXANDER, who did unlawfully, and with malice aforethought murder MICHAEL TAYLOR, a human being.

"Notice:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged that the murder of MICHAEL TAYLOR was committed by defendant(s), SHAWN ALEXANDER while the said defendant(s) was/were engaged in the commission of the crime of

EXHIBIT

KIDNAPPING, within the meaning of Penal Code section 190.2(a)(17).

It is further alleged that the murder of MICHAEL TAYLOR was intentional and was carried out by the defendant(s), SHAWN ALEXANDER for financial gain, within the meaning of Penal Code Section 190.2(a)(1).

It is further alleged that the murder of MICHAEL TAYLOR was committed by defendant(s), ANDREW LANCASTER while the said defendant(s) was/were engaged in the commission of the crime of Kidnapping, within the meaning of Penal Code section 190.2(a)(17).

It is further alleged that the murder of MICHAEL TAYLOR was intentional and was carried out by the defendant(s), ANDREW LANCASTER for financial gain, within the meaning of Penal Code Section 190.2(a)(1).

* * * * *

## COUNT 2

On or about April 23, 1996, in the County of Los Angeles, the crime of KIDNAPPING FOR RANSOM, in violation of PENAL CODE SECTION 209(a), a Felony, was committed by ANDREW LANCASTER, SHAWN ALEXANDER, and JORNAY RECHURND RODRIGUEZ, who did unlawfully seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, and carry away MICHAEL TAYLOR with the intent to hold and detain, and who did hold and detain, the said MICHAEL TAYLOR for ransom, reward, extortion, and to exact from relatives and friends of said MICHAEL TAYLOR money and other valuable things.

"Notice:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged that the said victim, MICHAEL TAYLOR, while being subjected to said kidnapping, suffered bodily harm and death, and was intentionally confined in a manner which exposed him/her to a substantial likelihood of death, within the meaning of Penal Code Section 209(a).

DA Case No. 60282086                  Page 2  Case No. BA131909



000197

It is further alleged as to count(s) 1 and 2 that in the commission and attempted commission of the above offense, the said defendant(s), ANDREW LANCASTER, personally used a firearm(s), to wit: HANDGUN, within the meaning of Penal Code sections 1203.06(a)(1) and 12022.5(a)(1) also causing the above offense to become a serious felony pursuant to Penal Code section 1192.7(c)(8) and a violent felony within the meaning of Penal Code section 667.5(c)(8).

\* \* \* \* \*

THIS AMENDED INFORMATION CONSISTS OF 2 COUNT(S).

GIL GARCETTI
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _Eleanor J. Hunter_
ELEANOR J. HUNTER
DEPUTY DISTRICT ATTORNEY

Filed in Superior Court,
County of Los Angeles

/CA

DATED: _____

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

EXHIBIT

DA Case No. 60282086          Page 3  Case No. BA131909

# EXHIBIT C

000236

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 12/04/97
--------------------------------------------------------------
--------------------------------------------------------------
CASE NO. BA131909

THE PEOPLE OF THE STATE OF CALIFORNIA
                        VS.
DEFENDANT 03: JORNAY RECHURND RODRIGUEZ
--------------------------------------------------------------

COUNT 01: 187(A) PC FEL  - MURDER.

COUNT 02: 209(A) PC FEL  - KIDNAPPING FOR RANSOM.

ON 12/04/97 AT  830 AM  IN L.A. SUPERIOR - CENTRAL DEPT 106

CASE CALLED FOR JURY TRIAL

PARTIES: ANDREW KAUFFMAN (JUDGE)  MARIANNE CALVIN  (CLERK)
         CARMEN YOUNG  (REP)      ANNE INGALLS  (DA)

DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY A. DEBLANC JR. BAR PANEL
ATTORNEY

DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:

TRIAL BY COURT AND TRIAL BY JURY

CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;

SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;

AGAINST SELF-INCRIMINATION;

DEFENDANT ADVISED OF THE FOLLOWING:

THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING THE
MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL EFFECTS
AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE SAME OR
SIMILAR OFFENSES;

THE EFFECTS OF PROBATION;

IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION  OF THE
OFFENSE FOR WHICH YOU HAVE BEEN CHARGED MAY HAVE THE CONSEQUENCES OF
DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES;

THE COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND
EXPLICITLY MADE; COUNSEL JOINS IN THE WAIVERS

THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 01 A

                                        JURY TRIAL
                    PAGE NO.   1        HEARING DATE: 12/04/97



CASE NO. BA131909                          DATE PRINTED 12/04/97
DEF NO.  03

VIOLATION OF SECTION 187(A) PC.  THE COURT FINDS THE DEFENDANT GUILTY.

COUNT (01) : DISPOSITION: CONVICTED

COURT ORDERS AND FINDINGS:

-THE DEFENDANT IS REFERRED TO THE PROBATION DEPARTMENT.

-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

COURT ACCEPTS PLEA

DEFENDANT PLEADS NOLO CONTENDERE TO COUNT 1, A VIOLATION OF

SECTION 187(A) PENAL CODE, IN THE FIRST DEGREE.

THE COURT ORDERS THE COURT REPORTER TO PREPARE AN ORIGINAL
TRANSCRIPT AND TWO COPIES OF THE PROCEEDINGS HELD THIS DATE.
ORIGINAL TRANSCRIPT TO THE LEGAL FILE AND COPIES TO RESPECTIVE
COUNSEL.

 WAIVES STATUTORY TIME.

NEXT SCHEDULED EVENT:
02/24/98   900 AM  PROBATION AND SENTENCE HEARING   DIST L.A. SUPERIOR -
CENTRAL DEPT 106

CUSTODY STATUS: DEFENDANT REMANDED

                                         JURY TRIAL
                    PAGE NO.   2        HEARING DATE: 12/04/97

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 09/15/98

# B187886

--------------------------------------------------------------------------
CASE NO. BA131909

THE PEOPLE OF THE STATE OF CALIFORNIA
                          VS.
DEFENDANT 03:  JORNAY RECHURND RODRIGUEZ

--------------------------------------------------------------------------

COUNT 01: 187(A) PC FEL  - MURDER.

COUNT 02: 209(A) PC FEL  - KIDNAPPING FOR RANSOM.


ON 09/15/98 AT  900 AM  IN L.A. SUPERIOR - CENTRAL DEPT 106

CASE CALLED FOR PROBATION AND SENTENCE HEARING

PARTIES: ANDREW KAUFFMAN (JUDGE) MARIANNE CALVIN   (CLERK)
         CARMEN YOUNG  (REP)    ANNE INGALLS  (DA)

DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY A. DEBLANC JR. BAR PANEL
ATTORNEY

IMPRISONED IN STATE PRISON FOR A TOTAL OF 025 YEARS TO LIFE

COURT ORDERS PROBATION DENIED.

025 YEARS TO LIFE IMPRISONMENT AS TO THE BASE COUNT  (01)

IN ADDITION:

-THE DEFENDANT IS TO PAY A RESTITUTION FINE PURSUANT TO SECTION
1202.4(B) PENAL CODE IN THE AMOUNT OF $ 10,000. ($5,000 IS
 SUSPENDED UNLESS AND UNTIL THE DEFENDANT VIOLATES PAROLE.)

-MAKE RESTITUTION TO THE FAMILY OF THE VICTIM, MICHAEL TAYLOR,
FOR FUNERAL AND BURIAL COSTS PURSUANT TO SECTION 1203.04 PENAL
CODE PROVIDED THEY FILE A WRITTEN CLAIM WITH SUPPORTING
DOCUMENTATION BY JANUARY 13, 1999.  THE DEFENDANT WAIVES HIS
APPEARANCE FOR A RESTITUTION HEARING AND AGREES THAT HIS COUNSEL
MAY REPRESENT HIS INTERESTS.

COUNSEL FOR THE PEOPLE IS TO GIVE NOTICE TO THE FAMILY OF THE
VICTIM.

COURT ORDERS AND FINDINGS:

-THE COURT ADVISES THE DEFENDANT OF PAROLE RIGHTS.

AS TO COUNT 1, THE COURT IMPOSES THE TERM OF 25 YEARS TO LIFE.


                              PROBATION AND SENTENCE HEARING
                PAGE NO.   1  HEARING DATE: 09/15/98



CASE NO. BA131909
DEF NO.  03                                    DATE PRINTED 09/15/98

THE DEFENDANT IS GIVEN TOTAL CREDIT OF 1,006 DAYS IN CUSTODY.
(875 DAYS ACTUAL CUSTODY AND 131 DAYS GOOD TIME/WORK TIME.)

NOTE: NO LEGAL FILE IS PRESENT IN COURT.  THE LEGAL FILE IS
CURRENTLY IN THE APPEALS UNIT.

COUNT (01): DISPOSITION: CONVICTED

REMAINING COUNTS DISMISSED.

   COUNT  (02): DISMISSED DUE TO PLEA NEGOTIATION

DMV ABSTRACT NOT REQUIRED


NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

CUSTODY STATUS: DEFENDANT REMANDED

PROBATION AND SENTENCE HEARING
                          HEARING DATE: 09/15/98

EXHIBIT

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**INDETERMINATE SENTENCE**

**000245**

FORM CR 292

☑ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE

COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**

BRANCH OR JUDICIAL DISTRICT: **CENTRAL CRIMINAL**

COURT (I.D.) **1 9 0 0 0 1**

FILED
LOS ANGELES SUPERIOR COURT

**OCT 0 9 1998**

JOHN A. CLARKE, CLERK

BY C WIGGINS-KING, DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA versus    ☑ PRESENT    **BA131909** – A

DEFENDANT: **RODRIGUEZ, JORNAY RECHURND** – B

AKA: ☐ NOT PRESENT – C

COMMITMENT TO STATE PRISON    AMENDED – D

ABSTRACT OF JUDGMENT    ABSTRACT ☐ – E

| DATE OF HEARING (MO) (DAY) (YR) 9-15-98 | DEPT. NO. 106 | JUDGE ANDREW KAUFFMAN | CLERK MARIANNE CALVIN |
| REPORTER CARMEN YOUNG | COUNSEL FOR PEOPLE ANNE INGALLS | COUNSEL FOR DEFENDANT A. DEBLANCE, JR. | PROBATION NO. OR PROBATION OFFICER X1679255 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT    (NUMBER OF PAGES) ____

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY | | | | | |
|-------|------|---------------|-------|------|-----|-----|------|-------|---|---|---|---|---|
| 1 | PC | 187(A) | MURDER | 96 | 12 | 04 | 97 | | | X | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.. For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancement on each line and enter the total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|-------|-------------|------|-------------|------|-------------|------|-------------|------|-------------|------|-------|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter time in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|-------------|------|-------------|------|-------------|------|-------------|------|-------------|------|-------|
| | | | | | | | | | | |
| | | | | | | | | | | |

4. Defendant was sentenced to State Prison for an indeterminate term

A. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ____    C. ☐ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ____

B. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts ____    D. ☑ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts **1**

E. ☐ For other term prescribed by law on counts ____    (Specify term on separate sheet if necessary.)

PLUS **enhancement** time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served  ☐ consecutive to  ☐ concurrent with any prior incompleted sentence(s)

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

**PAY RESTITUTION FINE PER 1202.4(B) PC FOR $10,000.00. ($5,000 IS SUSPENDED UNLESS AND UNTIL THE DEFENDANT VIOLATES PAROLE).**
**MAKE RESTITUTION TO THE FAMILY OF THE VICTIM, MICHAEL TAYLOR, FOR FUNERAL AND BURIAL COSTS PER 1203.04 PC. PROVIDED THEY FILE A WRITTEN CLAIM WITH SUPPORTING DOCUMENTATION BY JANUARY 13, 1999. COUNSEL FOR THE PEOPLE IS TO GIVE NOTICE TO THE FAMILY OF THE VICTIM.**
(Use an additional page if necessary)

7. ☐ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED

A. ☑ AT INITIAL SENTENCING HEARING    B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. ☐ AFTER REVOCATION OF PROBATION    D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E. ☐ OTHER ____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 9-15-98

| TOTAL TIME SPENT IN CUSTODY 1,006 | INCLUDING: | ACTUAL LOCAL TIME 875 | LOCAL CONDUCT CREDITS 131 | STATE INSTITUTIONS ☐ DMH | ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☑ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN—FRONTERA
☐ CORR.—CHOWCHILLA
☑ CALIF. INSTITUTIONS FOR MEN—CHINO
☐ DEUEL VOC. INST.

☐ OTHER (SPECIFY)
☐ WASCO
☐ SAN QUENTIN
☐ R.J. DONAVAN

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE C. WIGGINS-KING | DATE OCTOBER 9, 1998 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the Judicial Council of California Effective January 1, 1992

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE**
CR 292

DISTRIBUTION    PINK COPY—COURT FILE    YELLOW COPY—DEPARTMENT OF CORRECTIONS    WHITE COPY—ADMINISTRATIVE OFFICE OF THE COURTS

Rev. C § 12(c)

**EXHIBIT**